THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **Michael Martin,**<br><br>            **Plaintiff,**<br>v.<br>**Hilton,**<br><br>            **Defendant.** | REPORT AND RECOMMENDATION<br><br>Case No. 2:24-cv-0748 DAK DBP<br><br>Judge Dale A. Kimball<br><br>Chief Magistrate Judge Dustin B. Pead |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).[1] On October 7, 2024, the court granted *pro se* Plaintiff Michale Martin's motion for leave to proceed *in forma pauperis*[2] and Plaintiff's complaint against Hilton was placed on the court's docket.[3] Thereafter, the court reviewed Plaintiff's Complaint and determined that it failed to state a claim upon which relief may be granted and ordered Plaintiff to file an amended pleading by November 8, 2024.[4] To date, Plaintiff has failed to comply with the court's order and file an amended pleading. As set forth previously under the screening standards, Plaintiff's Complaint fails to state a claim and therefore should be dismissed.

---

[1] ECF No. 7, Notice of Non-Consent.

[2] ECF No. 4.

[3] ECF No. 1, Complaint.

[4] ECF No. 6.

## STANDARD OF REVIEW

**1.      Screening Under 28 U.S.C. § 1915**

Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5] The statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[6] To help facilitate that objective, the in forma pauperis statute provides the court with power to not only dismiss a claim based on an indisputably meritless legal theory, "but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[7]

---

[5] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[6] *Trujillo v. Williams,* 465 F.3d 1210, 1216 (10th Cir. 2006) (citing *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

[7] *Id.*

When determining whether to dismiss a case under §1915, the court employs the same standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12.[8] Additionally, Federal Rule of Civil Procedure 8 is incorporated into the court's analysis.[9]

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[10] The court accepts well-pleaded allegations as true and views the allegations in the light most favorable to the Plaintiffs, drawing all reasonable inferences in the Plaintiffs' favor.[11] A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] To properly state a claim for relief in federal court, Plaintiff must craft a pleading that clearly states "what each defendant did

---

[8] *Kay v. Bemis,* 500 F.3d 1214, 1217-18 (10th Cir. 2007) ("We apply the same standard of review for dismissal under §1914(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."); Fed. R. Civ. P. 12(b)(6).

[9] *See United States ex rel. Lemmon v. Envirocare of Utah, Inc.,* 614 F.3d 1163, 1171 (10th Cir. 2010) ("Rule 8(a)'s mandate, that plaintiffs provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' has been incorporated into both the 9(b) and 12(b)(6) inquiries") (citing Fed. R. Civ. P. 8(a)).

[10] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[11] *Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[13] *Id.*

to [Plaintiff]; when the defendant did it; how the defendant's action harmed [Plaintiff]; and, what specific legal right the [P]laintiff believes the defendant violated."[14]

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"[15] and further provides that "[e]ach allegation must be simple, concise, and direct."[16] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[17] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[18]  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[19]

### 2. Pro Se Litigant

As a pro se litigant, the court construes Plaintiff's complaint liberally and holds Plaintiff's pleadings to a less stringent standard than formal pleadings drafted by lawyers.[20] Yet even under a liberal review, Plaintiff is not excused from compliance with federal pleading

---

[14] *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007); *see also Stone v. Albert,* 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1250 (10th Cir. 2008) ("To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'") (emphasis in original)).

[15] Fed. R. Civ. P. 8(a)(2).

[16] Fed. R. Civ. P. 8(d)(1).

[17] *Iqbal,* 556 U.S. at 662 (quoting *Twombly,* 559 U.S. at 555, 557 ) (alteration in original).

[18] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[19] *Twombly,* 550 U.S. at 555 (alteration in original) (internal quotation marks omitted).

[20] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

requirements or from stating a claim for which relief may be granted.[21] For example, pro se plaintiffs still have "the burden of alleging sufficient facts on which a recognized legal claim could be based."[22] Further, it "is not the proper function of the Court to assume the role of advocate for a pro se litigant,"[23] and the court should not "supply additional facts, [or] construct a legal theory . . . that assumes facts that have not been pleaded."[24]

## DISCUSSION

### Plaintiff's Complaint Fails to Meet the Minimum Pleading Requirements of Rule 8 and Therefore Fails to State a Claim Upon Which Relief May Be Granted.

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ."[25] The purpose of this rule is to provide opposing parties with fair notice of the claims against them so that they may respond, and it allows a court to conclude that the allegations, if proven, show a plaintiff is entitled to relief.[26]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine

---

[21] *Id.* at 1009; *see also* Fed. R. Civ. P. 8; 28 U.S.C. §1915(e)(2)(B)(i)(ii); Fed. R. Civ. P. 12(b)(6).

[22] *Jenkins v. Currier,* 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[23] *Hall*, 935 F.2d at 1110.

[24] *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied,* 493 U.S. 1059, 107 L. Ed. 2d. 954, 110 S. Ct. 871 (1990).

[25] Fed. R. Civ. P. 8.

[26] *See Monument Builders of Greater Kan. City Inc. v. Am. Cemetery Assn. of Kan*., 891 F.2d 1473, 1480 (10th Cir. 1989) (citing *Perrington Wholesale Inc. v. Burger King Corp*., 631 F.2d 1369, 1371 (10th Cir. 1979); *see also Nasious*, 492 F.3d at 1163 (holding a plain statement under Rule 8 provides defendant with "sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits").

whether he makes out a claim on which relief can be granted."[27] Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant."[28] Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[29]

     Plaintiff's Complaint is largely blank. It lists Plaintiff's address, and names Hilton as a Defendant along with Hilton's address. Plaintiff provides that the basis for jurisdiction is a federal question and attaches a right to sue letter from the Equal Employment Opportunity Commission to his Complaint. There is, however, nothing listed under the statement of claim, what relief is sought, or any factual allegations that give rise to this suit. At best, the court assumes there was some sort of discriminatory conduct by Defendant, yet it is entirely unknown what conduct supposedly occurred and who allegedly violated Defendant's rights. In sum, even liberally construing Plaintiff's Complaint, the court is left to guess what happened in this case. As a result, the Complaint is conclusory in nature, fails to state who did what to whom, and fails to explain how Plaintiff's rights have been violated. For these reasons, Plaintiff's Complaint fails to state a claim upon which relief can be granted and fails to provide fair notice to Defendant of the basis for the claim raised.[30] Accordingly, it must be dismissed under 28 U.S.C. § 1915. Finally, despite being afforded an opportunity to do so, Plaintiff failed to file an amended pleading remedying the defects with his complaint.

---

[27] *Hall*, 935 F.2d at 1109.

[28] *Id.* at 1110.

[29] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[30] The court notes that Mr. Martin has filed a discrimination case previously against Pineapple Greenhouse, Inc. In that matter Mr. Martin's Complaint suffered from the same flaws as those here, to wit, a lack of factual support for the alleged discrimination. That case was dismissed for a failure to cure the deficiencies in the complaint. *See Martin v. Pineapple Greenhouse*, Case No. 2:18-cv-82 DB (D. Utah 2018), ECF No. 14.

## **RECOMMENDATION**

For the reasons stated herein, Plaintiff's Complaint fails to state a claim. Accordingly, the undersigned recommends that Plaintiff's Complaint be dismissed for failure to state a claim.

## **NOTICE TO PARTIES**

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[31] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it. Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6 January 2025.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah

---

[31] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).